# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

GEORGE FEDERICK BRITTON,

    Plaintiff,

v.                                                                        Case No. 6:20-cv-899-RBD-DCI

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

Plaintiff appeals the denial of his claim for supplemental security income benefits by the Social Security Administration. (Doc. 1.) On referral, U.S. Magistrate Judge Daniel C. Irick recommends affirming Defendant Commissioner of Social Security's ("Commissioner") decision. (Doc. 16 ("R&R").) Plaintiff objects to the R&R. (Doc. 17 ("Objections").) On review, the Objections are overruled, and the Court adopts the R&R in its entirety.

## BACKGROUND

Plaintiff applied for disability benefits on April 19, 2018, alleging he became disabled on January 22, 2018. (Doc. 15, p. 1.) His application was denied, but he requested reconsideration and a hearing. (*Id.*) A hearing was held and on September 5, 2019, the Administrative Law Judge ("ALJ") determined Plaintiff

was not disabled. (*Id.*) Plaintiff's request for appeal was denied, so he sued here. (*Id.*)

Plaintiff raised three issues with the ALJ's opinion. (*Id.* at 19–34.) Judge Irick addressed each and recommends this Court affirm the Commissioner's decision. (Doc. 16.) Judge Irick determined the ALJ's findings were based on correct legal standards and were supported by substantial evidence. (*See id.*) With Plaintiff's Objections (Doc. 17), the matter is ripe.[1]

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* When the parties do not object, the Court examines the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

## ANALYSIS

Plaintiff objects to the portions of the R&R that discuss the weight given to

---

[1] The Commissioner did not respond to the Objections and the time for doing so has now passed. *See* Local Rule 3.01(c).

three doctors. (Doc. 17.) The Court takes each in turn.

First, Plaintiff contends this Court should reject Judge Irick's determination that the ALJ did not err in assessing Dr. Austin's opinion. (Doc. 17, pp. 1–4.) The ALJ discussed Dr. Austin's observations and findings, ultimately determining Dr. Austin's opinion was "partially persuasive." (Doc. 13-2, p. 21.) Judge Irick found the weight assigned to Dr. Austin's opinion was supported by substantial evidence. (Doc. 16, p. 6.) Plaintiff objects that Judge Irick improperly provided an explanation for the ALJ's decision that was not present in the writing. (Doc. 17, p. 2.) Not so. It is improper to provide a post hoc rationale when the ALJ failed to explain a decision. *See Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012). But here, the ALJ explained why it found Dr. Austin's opinion partially persuasive, which Judge Irick identified. (Doc. 16, p. 16; *cf.* Dog. 13-2, p. 21); *see Podoll v. Berryhill*, No. 2:17-cv-534, 2018 WL 5114133, at *4–5 (M.D. Ala. Oct. 18, 2018). So Plaintiff's objection as to Dr. Austin is overruled.

Second, Plaintiff contends Judge Irick erred in finding the weight given to Dr. Ribot by the ALJ was supported by substantial evidence. (Doc. 17, p. 4.) The ALJ found part of Dr. Ribot's opinion "partially persuasive" and another part, "out of the realm of being a medical statement." (Doc. 13-2, p. 21.) Judge Irick found the ALJ's determination was supported by substantial evidence because the ALJ noted Dr. Ribot did not provide specific limitations and relied on self-reported

symptoms. (Doc. 16, pp. 6–8; *see* Doc. 13-2, p. 21.) Plaintiff contends "subjective complaints are an inherent part of psychology" and Dr. Ribot opined Plaintiff "seemed" limited, which should have been considered. (Doc. 17, p. 4.) But proper medical opinions constitute more than a patient's subjective complaints and discuss the patient's functional limitations. *See Duarte v. Comm'r of Soc. Sec.*, No. 8:15-cv-1465, 2016 WL 5403413, at *5 (M.D. Fla. Sept. 28, 2016); *Bombka v. Comm'r of Soc. Sec.*, No. 6:20-cv-234, 2021 WL 640493, at *4–5 (M.D. Fla. Jan. 29, 2021), *adopted by* 2021 WL 639068 (Feb. 18, 2021). So Plaintiff's objection on Dr. Ribot is overruled.

Third, Plaintiff objects to Judge Irick's recommendation that the ALJ properly rejected Dr. Sajgo's opinion. (Doc. 17, pp. 4–6.) Judge Irick identified two reasons the ALJ discounted Dr. Sajgo's opinion: (1) Dr. Sajgo left the work restrictions blank on Plaintiff's chiropractic forms from January to July 2018; and (2) Dr. Abiera (Plaintiff's treating neurologist) reported Plaintiff had no gross neurological deficits. (Doc. 16, p. 8; see Doc. 13-2, p. 26.) Plaintiff objects, arguing if Plaintiff was not working when Dr. Sajgo filled out the forms, there would be no reason to complete the "work restrictions" section. (Doc. 17, p. 5.) But it is not the role of this Court to "decide the facts anew, renew the evidence, or substitute our judgment for that of the Commissioner." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (cleaned up). As the work restriction sections are blank,

Plaintiff's argument for a different interpretation of those forms is not persuasive. (*See* Doc. 13-7, pp. 47–63.)

As for Dr. Abiera's opinion, Plaintiff contends Dr. Abiera made other findings that support Dr. Sajgo's opinion. (Doc. 17, pp. 5–6.) Again, this Court's role is to determine whether the ALJ's decision is supported by substantial evidence, not to reweigh the evidence and make a new determination. *See Winschel*, 631 F.3d at 1178. Plaintiff does not deny that Dr. Abiera reported no gross neurological deficits—nor can he credibly do so. (*See* Doc. 17, p. 5; *cf.* Doc. 13-8, pp. 93, 95, 99.) Dr. Abiera's finding combined with Dr. Sajgo's failure to note work restrictions on Plaintiff's forms, constitute substantial evidence for the ALJ to discount Dr. Sajgo's opinion. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004). So Plaintiff's objection on Dr. Sajgo is overruled.

Finally, there is no clear error in the portions of the R&R without objections. (*See* Doc. 16, pp. 9–11; *cf.* Doc. 17); *see Wiand*, 2016 WL 355490, at *1. So the R&R is adopted in its entirety.

## CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. Plaintiff's Objections (Doc. 17) are **OVERRULED**.

2. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 16) is **ADOPTED, CONFIRMED**, and made a part of this

Order.

3. The Commissioner's final decision is **AFFIRMED**.

4. The Clerk is **DIRECTED** to enter judgment in favor of Defendant Commission of Social Security and against Plaintiff George Frederick Britton and to close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 22, 2021.

ROY B. DALTON JR.
United States District Judge